

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# USA v. Pennix

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1986

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Pennix" (2006). *2006 Decisions*. Paper 84.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/84

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1986
_____

UNITED STATES OF AMERICA

vs.

WILLIAM LAVELLE PENNIX,

Appellant.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00017-1)
District Judge:  The Honorable Thomas M. Hardiman
_____

Submitted Under Third Circuit LAR 34.1(a)
October 4, 2006

BEFORE: McKEE, AMBRO, and NYGAARD, Circuit Judges.

(Filed: December 18, 2006)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant William Pennix drove the get-away car for several bank robberies in the Pittsburgh, Pennsylvania area. He pleaded guilty and was sentenced to a term of 97 months imprisonment, to be followed by a three year term of supervised release.

On appeal, Pennix challenges the District Court's sentence of 97 months imprisonment while his co-defendant received an 87-month term of incarceration. Further, Pennix maintains that the District Court erred when it actually enhanced his advisory Guideline range based upon his reckless endangerment to the public, because he fled the crime scene. We will affirm.

We asked counsel for supplemental briefing addressing whether the issues raised in Pennix's appellate brief were properly preserved. The proper interpretation of a federal Sentencing Guidelines provision is a legal question subject to plenary review. *See, e.g., United States v. Jones*, 332 F.3d 688, 690-91 (3d Cir.2003). However, if a defendant fails to object to the district judge's interpretation, the issue is not properly preserved and is subject only to plain error review. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Davis*, 407 F.3d 162, 164 (3d Cir.2005). Because the record is devoid of any attempt by counsel to challenge the discrepancy between Pennix's sentence and that of his co-defendant, this sentencing issue was not properly preserved and we review only for plain error. *United States v. Moore*, 375 F.3d 259, 262 (3d Cir.2004) Here, our review of the record conclusively establishes that the

2

District Court clearly considered the applicable Guidelines range; the nature, circumstances and seriousness of Pennix's offense; Pennix's history and characteristics; the need for specific and general deterrence; and the need to impose a sentence promoting respect for the law and providing just punishment. See § 3553(a). Moreover, Pennix's counsel did challenge the reckless endangerment enhancement, and the District Court agreed with him, expressly stating in the record that it would not apply the enhancement in Pennix's case, ruling that ". . . on these facts, I agree with Mr. Pennix's argument as presented very artfully by Mr. Pushinsky that imposing the enhancement under Section 3C1.2 would be improper."

Pennix raises a final issue, arguing that his counsel was ineffective for failing to object to several exhibits offered by the Government that connected an automobile crash to Pennix's attempts to evade police after the bank robbery. As with the previous issues, this issue was not presented to the District Court. Moreover, our established precedent teaches that where a claim of ineffectiveness of counsel was not presented to the District Court first, the claim is not properly preserved for review on direct appeal. *United States v. Thompson*, 327 F.3d 268, 271-72 (3d Cir. 2003). It should be made by seeking review via a writ of habeas corpus.

Accordingly, for the foregoing reasons, we will affirm the sentence of the district court.